In the absence of any valid grant of power by the board of county commissioners conforming to constitutional requirements, the port director was without lawful authority to impose restrictions on the public use of South Perimeter Road by administrative order, and to cause arrests to be made for violations thereof.

Accordingly, it is ordered, adjudged and decreed — (1) The said administrative order issued on June 24, 1966, by the director of the Dade County Port Authority is declared to be invalid, void and unconstitutional. (2) The temporary injunction heretofore entered in this cause is made permanent, and the defendants, and their agents, servants, employees and representatives, are permanently enjoined and restrained from enforcing said administrative order. (3) The injunction bond in the penal sum of $10,000 filed in this cause by the plaintiff is cancelled, and Capeletti Brothers, Inc., a Florida corporation, as principal, and Pacific Indemnity Company, a California corporation authorized to do business in the state of Florida, as surety, are hereby forever released and relieved of and from all liability under said injunction bond.

### In re HOLT.
No. 66-95.

Florida Industrial Commission.
Unemployment Compensation Board of Review.

May 31, 1966.

Patrick A. Mears and W. W. Stalvey, both of Tallahassee, for the commission.

Florida Unemployment Compensation Board of Review, J. D. WRIGHT, Jr., Chairman, WALTER L. LIGHTSEY, Member, FRANK M. NELSON, Jr., Member.

This cause came on for final administrative disposition by the board of review at Tallahassee on May 18, 1966, on claimant's appeal and was reviewed upon the record.

*Nature of previous decision:* The appeals referee affirmed a determination by the claims examiner, disqualifying claimant for benefits because he voluntarily left his employment without good cause attributable to the employer.

*Findings of fact:* The claimant is a 64-year-old man who was employed as a lather by a plastering contractor in November, 1965. Claimant worked under the supervision of a foreman who had authority to hire and fire. The foreman had hired claimant. On December 8, 1965, on claimant's last day of work, he was informed by the foreman that the employer had subcontracted the job to someone else, and that no more work would be available. This information was given claimant by the foreman who had hired him. It is the usual practice of a foreman of the lathing gang to hire and fire his crew.

Claimant did not voluntarily leave his employment without good cause attributable to the employer.

*Reasons for decision:* The Florida Unemployment Compensation Law provides that an individual shall be disqualified for benefits if the commission finds that, among other things, he voluntarily left his employment without good cause attributable to the employer.

The testimony in this case shows that claimant was told by his son, who worked for the same employer, that their foreman was no longer going to take care of the employer's work and that the foreman no longer had any work for the claimant. The employer had decided to subcontract the work to another lathing gang, and to let the crew go which claimant worked with.

It is the usual practice in this field for the foreman to do his own hiring and firing, and for the crew to be hired as a unit by the plastering contractor. If the claimant, as suggested by the appeals referee, had gone over the foreman's head to the prime contractor he probably would have been referred back to the foreman for hiring or not. The referee's holding that claimant should have gone over the head of the foreman to the contractor is contrary to established practices in this field in the area.

We must conclude from the record and evidence that claimant was laid off for lack of work and did not voluntarily leave his employment without good cause attributable to the employer.

*Decision:* The decision of the appeals referee is reversed.

### FERREIRA v. COVER GIRL BEAUTY SALON, Inc., et al.
No. 156231.
Small Claims Court, Dade County.
October 5, 1966.

SIDNEY L. SEGALL, Judge.

Final judgment is rendered in favor of plaintiff for $441.45 plus $13.30 costs. The evidence, which is legally sufficient to establish liability, discloses the following material facts —

The plaintiff went to defendant's beauty salon to have her hair bleached. The defendant's employee, a beautician, was the operator who administered two applications of bleach solutions to plaintiff's hair. On the day after the first treatment plaintiff informed the operator that her head was sore — and the operator then informed her that it was due to the fact that she had never had a bleach before.

The operator continued the bleaching procedure by "touch-ups", and shampooing, spraying with lacquer and setting. Approximately a week after the commencement of the bleaching procedure plaintiff's scalp and ears broke out in a rash (red, swollen and oozing), necessitating postponement of the next appointment for another week.

After this interruption the bleaching procedure was continued until plaintiff's "rash" required medical treatment. The medical diagnosis resulted in treatment for "contact dermatitis secondary to an unknown chemical, most probably one used in the 'stripping' process."

Plaintiff's scalp condition resulted in hair loss of approximately 50%, two weeks loss of work ($80 per week), medical expenses of $115 and prescription drugs, $16.45.